IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS OF KAY COUNTY on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCKINSEY & COMPANY, INC.,<br><br>Defendant. | Case No. CIV-21-176-SLP<br>(State Ct Case No. CJ-2021-12)<br>(District Court of Kay County) |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

Defendant McKinsey & Company, Inc. ("McKinsey"), pursuant to 28 U.S.C. §§ 1332, 1367, and 1446, removes the above-captioned action pending in the District Court of Kay County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. By filing this Notice of Removal, McKinsey does not waive any defense available to it and reserves all such defenses, including but not limited to lack of personal jurisdiction. If any question arises as to the propriety of the removal to this Court, McKinsey requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed. The grounds for removal are as follows:

## GROUNDS FOR REMOVAL

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, this case may be removed pursuant to 28 U.S.C. § 1441

because (i) removal is timely, (ii) there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.[1]

### A.  Removal is timely.

2.  Plaintiff's Petition has not yet been served upon McKinsey. Because the Petition has not been served, the 30-day period within which to file a Notice of Removal under 28 U.S.C. § 1446(b) has not begun, and this Notice of Removal is therefore timely filed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal deadline runs from formal service of summons and complaint); *see also Novak v. Bank of N.Y. Mellon Trust Co.*, 783 F.3d 910, 911 & n.1 (1st Cir. 2015) (non-forum defendant may remove prior to formal service).

### B.  There is complete diversity of citizenship.

3.  Plaintiff and all putative class members are counties in the State of Oklahoma. (Ex. 1, Petition at ¶¶ 24, 192).

---

[1] Although Plaintiff's Petition asserts class action claims, McKinsey is not removing this case under the Class Action Fairness Act ("CAFA") at this time. However, McKinsey expressly reserves its right to invoke this Court's jurisdiction under CAFA upon discovery of additional information relating to the putative class members. When class action claims are asserted, "CAFA does not prevent federal courts from exercising jurisdiction over class actions that fall within the parameters of the traditional diversity jurisdiction provision found in § 1332(a). Rather, CAFA provides parties with an alternative to traditional diversity jurisdiction. Thus, the Court may exercise jurisdiction over this case if the requirements of traditional diversity jurisdiction are met." *Stell v. Gibco Motor Express*, LLC, 2016 WL 2620178, at *3 (S.D. Ill. May 9, 2016); see also 2 W. Rubenstein, Newberg on Class Actions § 6:6 (5th ed.) ("CAFA does not replace the basic diversity requirements; it supplements them. That means that a class action case not arising under federal law can be lodged in federal court if it meets either the basic diversity requirements or CAFA's requirements.").

4.     McKinsey is not a citizen of Oklahoma.  McKinsey is a New York corporation with its principal place of business in New York, New York.  (Ex. 1, Petition at ¶ 25).

### C.     The amount in controversy requirement is satisfied.

5.     In the Petition, Plaintiff does not allege any specific amount of damages.  The "amount in controversy" is not proof of the amount of damages that the plaintiff will actually recover but is merely "an estimate of the amount of damages that will be put at issue during the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir.2008).  To invoke federal jurisdiction "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).  "Evidence establishing the amount is required by [28 U.S.C] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.  When the plaintiff does not specify the amount of damages sought, the defendant may rely on the allegations in the petition to estimate the amount of potential damages and show that the amount controversy is satisfied. *McPhail v. Deere*, 529 F.3d at 956.

6.     Here, the claims of each Plaintiff and member of the putative class exceed $75,000, exclusive of interest and costs. Further, to the extent necessary, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any claims by putative class members that do not satisfy the amount in controversy requirement because, as set forth

herein, the named Plaintiffs' claims exceed the $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, 125 S. Ct. 2611, 2620, (2005).

7. First, Plaintiff seeks actual damages caused by the opioid epidemic, including but not limited to (1) costs for providing medical care, additional therapeutic and prescription drug purchases, and other treatments for patients suffering from opioid-related addiction or disease, including overdoses and deaths; (2) costs for providing treatment, counseling and rehabilitation services, (3) costs for providing treatment of infants born with opioid-related medical conditions, (4) costs of providing care for children whose parents suffer from opioid-related disability or incapacitation, (5) costs associated with law enforcement and public safety relating to the opioid epidemic, and (6) costs associated with drug court and other resources expended through the judicial system. (Ex. 1, Petition at pp. 62-63, unnumbered Prayer for Relief, ¶ 2). Each form of relief must be considered in determining whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

8. Additionally, Plaintiff seeks compensation for past and future costs to abate the ongoing public nuisance caused by the opioid epidemic. (*Id*. at Prayer for Relief, ¶ 3-4).

9. Plaintiff also seeks punitive damages.[2] (*Id*. at Prayer for Relief, ¶ 5).

---

[2] "[P]unitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

10. Further, Plaintiff seeks disgorgement of compensation McKinsey received for the services provided to Purdue.[3] (*Id.* at ¶¶ 234-235).

11. Finally, Plaintiff seeks attorney fees, costs and expenses, and pre-judgment and post-judgment interest. (*Id.* at Prayer for Relief, ¶ 6).

12. Based on the allegations in the Petition of the supposedly massive effect on Plaintiffs from the opioid crisis, and on public statements by counsel for plaintiffs in this and/or related matters, it is clear that Plaintiffs seek to recover far in excess of $75,000 for each of themselves exclusive of interest and costs.[4] Although McKinsey disputes Plaintiffs' allegations and denies Plaintiffs are entitled to any damages in this action, the amount in controversy needed for federal jurisdiction is more than satisfied.

**D.  Venue and other requirements are satisfied.**

13. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the District Court of Kay County, State of Oklahoma, is located within this District. 28 U.S.C. § 116(c).

14. In accordance with 28 U.S.C. § 1446(d), concurrently with filing this Notice of Removal, McKinsey is providing written notice of the removal of this action to Plaintiffs

---

[3] When a plaintiff seeks disgorgement of profits, the amount of the disgorgement is considered as part of the amount in controversy. *Cox v. Allstate Ins. Co.*, 2008 WL 2167027, at *3 (W.D. Okla. May 22, 2008).

[4] *See, e.g., Jeff Overley, McKinsey Deal Renews Friction Among AGs and Opioid Attys*, LAW360 (Feb. 4, 2021, 10:32 PM), https://www.law360.com/articles/1352282/mckinsey-deal-renews-friction-among-ags-and-opioid-attys. (plaintiffs' counsel arguing that McKinsey's $600 million settlement with State Attorneys General was insufficient and that McKinsey's "liability should be closer to $2 billion.")

and will promptly file a copy of this Notice of Removal with the clerk of the District Court of Pottawatomie County.

15. Pursuant to 28 U.S.C. § 1446 and LCvR 81.2, a copy of all documents filed or served in the case and the docket sheet from the state court action are attached as Exhibits 1-2.

16. For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a), (b).

## **Conclusion**

For the foregoing reasons, and based on the allegations in Plaintiff's Petition, as fairly construed, and other available information, this Court has removal jurisdiction over this action under diversity jurisdiction and this matter is properly removed to this Court.

                          Respectfully submitted,

                          /s/ Kyle D. Evans

                          Robert G. McCampbell, OBA No. 10390
                          Jeffrey A. Curran, OBA No. 12255
                          Kyle D. Evans, OBA No. 22135
                          GABLEGOTWALS
                          Fifteenth Floor
                          One Leadership Square
                          211 North Robinson
                          Oklahoma City, OK  73102-7101
                          (405) 235-5500
                          (405) 235-2875 (fax)
                          rmccampbell@gablelaw.com
                          jcurran@gablelaw.com
                          kevans@gablelaw.com

                    -and-

James L. Bernard, T.A.*
David M. Cheifetz*
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel. (212) 806-5400
Fax (212) 806-6006
jbernard@stroock.com
dcheifetz@stroock.com

*Pending admission *pro hac vice*

*Attorneys for Defendant McKinsey & Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants**:**

Terry W. West, OBA No. 9496
Bradley C. West, OBA No. 13476
terry@thewestlawfirm.com
brad@thewestlawfirm.com

Matthew J. Sill, OBA No. 21547
James D. Sill, OBA No. 8239
Harrison C. Lujan, OBA No. 30154
Curtis "Muskrat" Bruehl, OBA No. 19418
msill@fulmersill.com
jsill@fulmersill.com
hlujan@fulmersill.com
cbruehl@fulmersill.com

Matthew Browne*
mbrowne@brownepelican.com
* pending admission *pro hac vice*

*Attorneys for Plaintiff*

_____
Kyle D. Evans